## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

ERICK LEVON TOWNSEND                                      CIVIL ACTION

VERSUS                                                          NO. 15-7181

WARDEN BURL CAIN                                          SECTION: "E"(1)

### REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts.  Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing.  See 28 U.S.C. § 2254(e)(2).  Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE**.

Petitioner, Erick Levon Townsend, is a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana.  On December 5, 2013, he pleaded guilty to two counts of manslaughter in violation of Louisiana law and was sentenced on each count to a concurrent term of thirty years imprisonment.[1]  On June 29, 2015, he was found to be a third offender and was

---

[1] State Rec., Vol. 2 of 7, minute entry dated December 5, 2013.

resentenced as such on the first count to a consecutive term of fifty years imprisonment.[2]  He did not appeal his convictions or sentences.

In the interim, petitioner had filed a post-conviction application in the state district court on February 19, 2014.[3]  That application was denied on May 9, 2014.[4]  His related writ applications were then likewise denied by the Louisiana First Circuit Court of Appeal on October 20, 2014,[5] and by the Louisiana Supreme Court on August 28, 2015.[6]

On December 23, 2015, petitioner filed the instant federal application seeking habeas corpus relief.[7]  The state filed a response conceding that that the application is timely but arguing that petitioner failed to exhaust his remedies in the state courts with respect to his federal claim.[8]  However, a federal court may pretermit a decision on exhaustion where, as here, a petitioner's habeas claim has no merit and may be dismissed on that basis.  28 U.S.C. § 2254(b)(2) ("An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State."); Jones v. Jones, 163 F.3d 285, 299 (5th Cir. 1998); Woods v. Cain, Civ. Action No. 06-2032, 2008 WL 2067002, at *8 n.8 (E.D. La. May 13, 2008).  In the interest of judicial economy, the undersigned recommends that the Court proceed in that manner.

In this proceeding, petitioner claims that his right to a speedy trial was violated.  That claim is foreclosed in light of the fact that petitioner *pleaded guilty*.  It is clear that "a defendant waives

---

[2] State Rec., Vol. 2 of 7, minute entry dated June 29, 2015.
[3] State Rec., Vol. 2 of 7.
[4] State Rec., Vol. 2 of 7, Order dated May 9, 2014.
[5] State v. Townsend, No. 2014 KW 1081 (La. App. 1st Cir. Oct. 20, 2014); State Rec., Vol. 2 of 7.
[6] State *ex rel.* Townsend v. State, 175 So.3d 965 (La. 2015); State Rec., Vol. 2 of 7.
[7] Rec. Doc. 3.
[8] Rec. Doc. 23.

all non-jurisdictional defects upon entering a guilty plea, *including alleged violations of his right to a speedy trial*."  Nelson v. Hargett, 989 F.2d 847, 850 (5th Cir. 1993) (citations omitted; emphasis added); accord Pete v. Tanner, Civ. Action No. 09-3403, 2015 WL 3404881, at *9 (E.D. La. May 26, 2015).

## RECOMMENDATION

It is therefore **RECOMMENDED** that the federal application for habeas corpus relief filed by Erick Levon Townsend be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[9]

New Orleans, Louisiana, this third day of June, 2016.

**SALLY SHUSHAN**
**UNITED STATES MAGISTRATE JUDGE**

---

[9] Douglass referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.