## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ERICK LEVON TOWNSEND** | **CIVIL ACTION** |
| **VERSUS** | **NO.  15-7181** |
| **WARDEN BURL CAIN** | **SECTION: "E"(1)** |

### ORDER AND REASONS

On January 19, 2016, Erick Levon Townsend filed an application for habeas corpus relief pursuant to 28 U.S.C. § 2254.[1] Townsend, a state prisoner incarcerated at the Louisiana State Penitentiary in Angola, Louisiana, pleaded guilty on December 13, 2015, to two counts of manslaughter in violation of Louisiana state law and was sentenced to a term of 30 years as to one of the manslaughter counts and a consecutive 50-year term as to the other. In his federal application for habeas corpus relief, Townsend alleged that his right to a speedy trial was violated because the State of Louisiana failed to timely prosecute him after he was indicted.

On June 3, 2016, Magistrate Judge Sally Shushan issued her Report and Recommendation, recommending that Townsend's complaint be dismissed with prejudice. Judge Shushan, citing *Nelson v. Hargett*, 989 F.2d 847, 850 (5th Cir. 1993), concluded that Townsend's claim that his speedy trial rights were violated was "foreclosed in light of the fact that [he] *pleaded guilty*."[2] Judge Shushan cited *Nelson*, *supra*, for the proposition that "[i]t is clear that 'a defendant waives all non-jurisdictional defects upon entering a guilty plea, *including alleged violations of his right to a speedy trial*.'"[3]

Objections to the Report and Recommendation were due by June 17, 2016. Townsend did not file objections to the Report within that time frame. Accordingly, the

---

[1] R. Doc. 3.
[2] R. Doc. 24 at 2 (emphasis in original).
[3] R. Doc. 24 at 2–3 (emphasis in original).

undersigned adopted Judge Shushan's Report and Recommendation, in full, on June 21, 2016,[4] and entered a Judgment dismissing Townsend's petition for habeas corpus relief with prejudice on the same date.[5] On June 22, 2016, after the deadline for filing objections, Townsend filed into the record an objection to Judge Shushan's Report and Recommendation.[6] Whether to consider late-filed objections to a Report and Recommendation is entirely within the Court's discretion.[7] The Court will exercise its discretion and consider Townsend's late-filed objection in this case.

Townsend contends, contrary to the Report and Recommendation, that he did not waive his right to judicial review of violations of his speedy trial rights by pleading guilty in state court. In support, Townsend cites *Lefkowitz v. Newsome*, 420 U.S. 283 (1975), a case in which the United States Supreme Court held: "[W]hen state law permits a defendant to plead guilty without forfeiting his right to judicial review of specified constitutional issues, the defendant is not foreclosed from pursuing those constitutional claims in a federal habeas corpus proceeding." With *Lefkowitz* as his support, Townsend argues that his right to pursue constitutional issues, including a violation of his right to a speedy trial, were and are preserved by Louisiana state law, despite his guilty plea.

Townsend is correct that Louisiana state law proscribes a procedure by which a defendant who pleads guilty can preserve his or her right to challenge certain pretrial issues, including speedy trial violations. Pursuant to *State v. Crosby*, 338 So. 2d 584 (La.

---

[4] R. Doc. 26.

[5] R. Doc. 27.

[6] R. Doc. 29.

[7] In *Scott v. Alford*, 62 F.3d 395 (5th Cir. 1995), the Fifth Circuit noted that "district courts need not consider late objections" to a Report and Recommendation. Instead, whether to consider late-filed objections is within the district court's discretion. *Id. See also Loredo v. Barnhart*, 210 F. App'x 417, 418 n.1 (5th Cir. 2006) (quoting *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988) (finding it within the district court's discretion whether to consider late-filed objections)). Courts outside of the Fifth Circuit have also weighed in on this issue. *See, e.g., Jones v. Williams*, No. 92-1157, 1993 WL 477916, at *1 (W.D. Okla. May 28, 1993) ("It is entirely within this Court's discretion whether to allow the untimely objection, and in most every case the Court will not allow late objections.").

1976), a Louisiana defendant who pleads guilty is able to preserve pre-trial issues and rulings at the time of pleading guilty, provided the defendant's plea is *expressly* conditioned on the reservation of those rights. The Louisiana Supreme Court in *Crosby* held: "[A] defendant . . . will waive his right to review of a non-jurisdictional pre-plea trial ruling unless, at the time of his plea, he expressly stipulates that he does not waive his right to review of it, the normal consequence of a guilty plea."[8]

Having reviewed Townsend's state court records, the Court finds Townsend did not enter into a conditional plea agreement. Townsend did not expressly stipulate that, in pleading guilty, he was preserving his right to seek review of non-jurisdictional defects or, specifically, violations of his right to a speedy trial. Townsend pleaded guilty to two counts of manslaughter in open court on December 5, 2013, after three days of trial. The state court records make no mention of Townsend's plea being conditional. In fact, the trial court's minute entry from the day on which Townsend pleaded guilty goes into great detail with respect to the terms of the plea, including specific details of Townsend's agreement with the government, but nowhere is it stated in those records, either explicitly or even implicitly, that Townsend's rights to seek judicial review of pretrial rulings, such as violations of his speedy trial rights, were preserved.

Because Townsend did not enter into a conditional plea agreement, his right to seek review of non-jurisdictional pre-trial defects, including alleged violations of his right to a speedy trial, was waived. For that reason, Townsend's objection is without merit, and

---

[8] *Crosby*, 338 So. 2d at 591. *See also United States v. Cruz*, 455 F. App'x 508, 510 (5th Cir. 2011) (internal quotation marks omitted) (citations omitted) ("When a defendant enters a voluntary and unconditional guilty plea, the plea has the effect of waiving all nonjurisdictional defects in the prior proceedings. The waiver applies to alleged speedy trial violations. . . . [A]lthough a valid, unconditional plea waives review of claims of speedy trial violations, a defendant may enter a conditional guilty plea, in writing and with the consent of the court and government, and preserve the right to appeal a district court's adverse ruling on a pretrial motion.").

the Magistrate Judge's Report and Recommendation is correct. The Court finds no reason to disturb its prior Order adopting the Report and Recommendation or its Judgment reflecting same.

**IT IS SO ORDERED**.

**New Orleans, Louisiana, this 7th day of July, 2016.**

_____
**SUSIE MORGAN**
**UNITED STATES DISTRICT JUDGE**

4